**ESTATE OF Howard W. RAND.**

Supreme Judicial Court of Maine.
Argued Jan. 15, 1986.
Decided Feb. 25, 1986.

Skelton, Taintor, Abbott & Orestis Jill A. Checkoway, (orally), Lewiston, Hanscom & Carey, P.A., Fred E. Hanscom, Rumford, for appellant.

Catherine C. Valcourt, (orally), Legal Services for the Elderly, Inc., Lewiston, for appellee.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

ROBERTS, Justice.

Donald Rand appeals from an order of the Oxford County Probate Court awarding "reasonable costs" to his former ward, Howard W. Rand, in addition to a money judgment based upon a finding that Donald failed to render a true account of his ward's estate. On appeal, Donald argues that the Probate Court improperly ordered him to pay costs. Because we find that the Probate Court lacked the discretion to compel Donald to pay Howard's costs, we vacate that part of the award and affirm the remainder of the judgment.[1]

On May 9, 1980 Donald was appointed guardian for his father, Howard Rand. After a few years, however, Howard filed a petition for termination of guardianship pursuant to 18–A M.R.S.A. § 5–306 (1981) that was granted by the Probate Court on October 12, 1983. As part of the October 1983 determination, the Probate judge ordered Donald to file a final account of his father's estate. Although Donald complied with the order, Howard objected to the tendered accounting as inadequate and inaccurate. Following a contested hearing on the account, the Probate Court found that Donald had failed to render "a just and true accounting of his guardianship," awarded a money judgment in favor of Howard and ordered Donald to pay Howard's "reasonable costs."

M.R.Prob.P. 54(d)(1) permits an award of costs against a losing party in a contested probate proceeding only when a claim or objection made by the losing party is frivolous or malicious.[2] In the case at bar, the Probate judge made no finding that any of Donald's claims or objections were frivolous or malicious. Our own review of the proceedings, moreover, reveals that the record would not support such a finding. In fact, our conclusion that Donald acted neither frivolously nor maliciously in defending this action is compelled by the fact that the parties actually agreed to reduce the judgment rendered against Donald after this appeal was filed. As a result of the above analysis, we vacate that portion of the judgment awarding costs to Howard.

The entry is:

Order awarding costs vacated.

In all other respects, judgment affirmed.

All concurring.

---

1. The parties to this appeal briefed and argued the question of whether attorney fees should be paid by Donald apparently assuming that the Probate Court's reference to "costs" included attorney fees. We see no reason to assume that the judge intended the word "costs" to include attorney fees and, therefore, do not address the issue.

2. M.R.Prob.P. 54(d)(1) provides:
    In all contested formal probate proceedings, costs may be allowed to either party out of the estate in controversy as provided by statute and these rules, or in the discretion of the court may be allowed against a losing party in the event of a frivolous or malicious claim or objection.